# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
        )    **JUDGE RICHARD L. SPEER**
Rolland and Gean Kay Smith  )
        )    Case No. 10-36355
  Debtor(s)  )
        )
        )

## DECISION AND ORDER

This cause comes before the Court on the Motion of the United States Trustee to Dismiss this case pursuant to 11 U.S.C. § 707(b)(1) and § 707(b)(3). (Doc. No. 10). The Debtors filed a response to the Motion, objecting to the Dismissal of their case. (Doc. No. 18). A Hearing was then held on the matter. (Doc. No. 21). At the conclusion of the Hearing, the Court deferred ruling on the Motion to Dismiss so as to afford the opportunity to consider the matters raised by the Parties. The Court has now had this opportunity, and finds that the Motion of the United States Trustee has merit.

## DISCUSSION

Pursuant to 11 U.S.C. § 707(b)(1) and § 707(b)(3), a debtor's Chapter 7 case may be dismissed where it is found that the debtor has an ability to repay their unsecured creditors. *In re Krohn*, 886 F.2d 123, 126 (6th Cir.1989). A debtor's ability to pay is assessed generally by looking to the amount of disposable income the debtor has available, and whether that income could feasibly finance a Chapter 13 plan of reorganization. *In re Scarberry*, 428 B.R. 403, 407 (Bankr. N.D.Ohio 2009). As stated by the Sixth Circuit in *In re Krohn*, "a court would not be justified in concluding that a debtor is needy and worthy of discharge, where his disposable income permits liquidation of his consumer debts with relative ease." 886 F.2d at 126.

In re: Rolland and Gean Kay Smith
Case No. 10-36355

In the schedules originally submitted with their bankruptcy petition, the Debtors disclosed that they had $1,318.99 in disposable income and $60,882.22 in general, unsecured debt. Based on these figures, the Debtors, by devoting their disposable income to a Chapter 13 plan of reorganization, could fully repay their unsecured debt in approximately 46 months, well under the maximum time of 60 months allowed under a Chapter 13 plan. *See* 11 U.S.C. § 1325(b)(2)/(4)(A)(ii). Accordingly, given that their financial figures show the ability to fully repay their unsecured debts, thereby allowing the Debtors to liquidate their consumer debts with relative ease, a *prima facie* case for abuse exists under § 707(b)(1) and § 707(b)(3).

However, after the United States Trustee filed its Motion to Dismiss, the Debtors filed with the Court revised income figures showing that Mrs. Smith's income had decline significantly, going from $5,120.00 per month to $3,861.00 per month. (Doc. No. 14). Mr. Smith also showed a decline in his income, going slightly downward from $2,946.67 per month to $2,801.59 per month. *Id*. According to the Debtors, these revisions in their "income qualifies them for protection and relief under bankruptcy laws from their creditors." (Doc. No. 18, at pg. 2). Insofar as it concerns Chapter 7 relief, the Court disagrees.

At the Hearing held on Dismissal, the Debtor, Mrs. Smith, when presented with copies of her most recent pay advices, admitted that her original disclosure, reporting a gross monthly income of $5,120.00, was an more accurate depiction of her actual monthly income. Accordingly, even accounting for the slight decline in Mr. Smith's monthly income, and even considering that Mrs. Smith's income may not always exceed $5,000.00 per month, the Debtors still have sufficient income at their disposable so as to provide them with the ability to formulate a Chapter 13 plan of reorganization.

This finding, moreover, regarding the Debtors' ability to repay their unsecured debts, stands even without consideration of the Debtors' expenses. Yet, when assessing a debtor's ability to pay

Page 2

In re: Rolland and Gean Kay Smith
Case No. 10-36355

for purposes of § 707(b)(3), this Court has held that, "in its role as the trier of fact, the Court is under a duty to scrutinize a debtor's expenses, and make downward adjustments where necessary, so as to ensure that the debtor's expenses are reasonable." *In re Speith*, 427 B.R. 621, 625 (Bankr. N.D.Ohio 2009). Moreover, concerning adjustments in a debtor's expenses, the Sixth Circuit Court of Appeals has remarked that a debtor may be expected to do some "good, old-fashioned belt tightening." *In re Krohn*, 886 F.2d at 128.

In this matter, there are some areas in which the Debtors could economize their budget. For example, the Debtors allocate $250.00 per month for cell phones and internet usage. (It is common knowledge that many carriers offer pay-as-you-go plans). Additionally, the Debtors allocate their financial resources to own and maintain a "2007 Kawasaki Brute Force 4-wheeler," hardly a necessity. The Debtors also acknowledged that, with the help of family, they could possibly economize on their child care expenses, which presently total $500.00 per month.

In conclusion, the burden of proof to support dismissal under § 707(b)(1) and § 707(b)(3) is upon the movant, the United States Trustee. *In re Baker*, 400 B.R. 594, 597 (Bankr.N.D.Ohio 2009). For those reasons set forth herein, the UST has met this burden, with the evidence tending to show that the Debtors have some ability to repay their unsecured debts. As such, § 707(b)(1) requires that this Court dismiss this case unless the Debtors timely converts their Chapter 7 case.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 3

In re: Rolland and Gean Kay Smith
Case No. 10-36355

Accordingly, it is

**ORDERED** that, subject to the Debtors' election to convert this case, the Motion of the United States Trustee to Dismiss under 11 U.S.C. § 707(b)(1) and § 707(b)(3), be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the Clerk, United States Bankruptcy Court, is directed to prepare for presentation to the Court an order of dismissal under 11 U.S.C. § 707(b)(1) if, at the opening of business on Thursday, January 27, 2011, this case is still proceeding under Chapter 7 of the United States Bankruptcy Code.

Dated: January 12, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 4

# CERTIFICATE OF SERVICE

Copies were mailed this 12th day of January 2011 to:

John N Graham
5151 Monroe St #245
Toledo, OH 43623

Gean Kay Smith
1778 Clinton Rd.
Collins, OH 44826

William H Smith, Jr
308 W Adams St
Sandusky, OH 44870-2401

Rolland G. Smith, Jr.
1778 Clinton St.
Collins, OH 44826

Dean Wyman
201 Superior Aveneue, Suite 441
Cleveland, Oh 44114-1240

Vacationland Federal Credit Union
PO Box 2257
Sandusky, OH 44871

David J Claus
Lange, DeVine & Claus, LLC
174 S. Washington Ave
Tiffin, OH 44883

                                                              /s/Jennifer S Huff
                                                        Deputy Clerk, U.S. Bankruptcy Court